IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN NICHOLAS COYLE,

    Petitioner,                      No. 2:11-cv-0016 MCE CKD

    vs.

M. McDONALD, WARDEN

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner and is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was initially convicted on three counts of murder. On appeal, the California Court of Appeal modified the judgment so that petitioner was only convicted of one count of murder with true findings of the special circumstances that the murder was committed during the commission or attempted commission of robbery and burglary. Additionally, there were true findings that petitioner personally used a firearm in the commission of the offense and that a principal was armed with a firearm in the commission of the offense. Petitioner received a sentence of life without the possibility of parole plus ten years imprisonment. Petitioner raises the following issues in his federal habeas petition:

> Trial court denied Petitioner due process and right to an impartial jury by refusing to declare a mistrial due to jury misconduct and court error in assigning trial to inadequate court facilities resulting

1

> in security measures which repeatedly conveyed prejudicial extraneous information about Petitioner to jurors without a showing of manifest necessity and failure to dismiss juror #11 for actual bias in violation of Petitioner's 5th, 6th, and 14th Amendment rights per constitution of [the] United States.

(Pet'r's Pet. at p. 7.) Before the court is respondent's motion to dismiss the habeas petition due to a lack of exhaustion as well as petitioner's motion to stay the habeas petition. For the following reasons the motion to stay should be denied. The motion to dismiss should be granted but petitioner should be given leave to file an amended habeas petition.

## I. PROCEDURAL HISTORY

Petitioner first appealed his conviction and sentence to the California Court of Appeal. Among the claims that petitioner raised on direct appeal was that "the trial court denied him his due process and right to a trial by an impartial jury when it refused to declare a mistrial due to jury misconduct and in the case of JN 11 failed to conduct sufficient inquiry to determine whether good cause existed to discharge JN 11." (Resp't's Lodged Doc. No. 2 at p. 14.) The Court of Appeal denied petitioner relief on these issues. (See Resp't's Lodged Doc. No. 5 at p. 12-22.) Petitioner then filed a petition for review to the California Supreme Court which raised these issues amongst others. (See Resp't's Lodged Doc. No. 6). The California Supreme Court summarily denied the petition for review on January 13, 2010. (See Resp't's Lodged Doc. 7.)

Petitioner then filed the instant federal habeas petition in this court. On October 5, 2011, respondent filed a motion to dismiss the habeas petition for failure to exhaust state court remedies. Petitioner then filed a response to respondent's motion to dismiss along with a motion to stay the habeas petition. (See Dkt. Nos. 18, 19.) Thereafter, respondent filed a response to petitioner's motion to stay and a reply to the motion to dismiss. (See Dkt. No. 21.)

## II. MOTION TO DISMISS

Respondent argues that the federal habeas petition should be dismissed because petitioner failed to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). To

1 exhaust state court remedies, the prisoner must "fairly present" both operative facts and federal
2 legal theory supporting his federal claim to the state's highest court, "thereby alerting that court
3 to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

4 "[N]ew factual allegations do not ordinarily render a claim unexhausted." Beaty
5 v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002). A claim is unexhausted only if new factual
6 allegations "fundamentally alter the legal claim already considered by the state courts." Vasquez
7 v. Hillery, 474 U.S. 254, 260 (1986). It is not necessary that "every piece of evidence"
8 supporting federal claims have been presented to the state court. See Chacon v. Wood, 36 F.3d
9 1459, 1469 n. 9 (9th Cir. 1994). Rather, the introduction of new evidence affects the fair
10 presentation requirement only when it "substantially improves the evidentiary basis" for
11 petitioner's claims. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).

12 Respondent asserts that petitioner only raises one claim in his federal habeas
13 petition. Therefore, respondent argues that the habeas petition should be considered completely
14 unexhausted. However, for the reasons that follow, petitioner actually raises two separate
15 distinct claims in his federal habeas petition.

16 First, petitioner asserts that the courtroom facilities were inadequate and
17 improperly influenced the jury against the petitioner (hereinafter referred to as "Claim I").
18 Petitioner recites a litany of instances where jurors witnessed the bailiffs conduct their security
19 measures which included surrounding petitioner while the jury left the courtroom during
20 recesses. (See, e.g., Pet'r's Pet. at p. 10.)

21 Petitioner's second claim is that juror number 11 was biased against petitioner
22 (hereinafter referred to as "Claim II"). Petitioner bases this claim on a note submitted to the trial
23 judge by this juror. According to petitioner, juror number 11 expressed concern about petitioner
24 using her personal information. The juror expressed her concern in light of the jury
25 questionnaires that the petitioner was able to view during voir dire

26 In effect, the issues raised by petitioner in his federal habeas petition are two

separate and distinct claims.  The first claim asks the court to examine the courtroom facilities and security measures used at trial and how they affected trial.  The second claim asks the court to examine the potential bias of juror number 11 based on the note she passed to the trial judge.  Respondent's motion to dismiss does not address whether Claim II is unexhausted.  However, a review of the state court filings reveals that petitioner has exhausted this claim.  Thus, the petition is not completely unexhausted as respondent argues.  At best for respondent, the petition is mixed.

Respondent states that Claim I is unexhausted because "Petitioner never asserted in state court that his right to an impartial jury was affected by the positioning of courtroom security personnel around him whenever jurors left or entered the courtroom." (Dkt. No. 14 at p. 5.)  Respondent notes that "Petitioner itemizes thirty-four separate occasions when these security measures occurred." (Id. at p. 4.)  According to respondent, petitioner only argued in state court that the jurors inferred that he was in custody and improperly discussed his custody status. (See id. at p. 5.)  Thus, respondent claims that the additional factual allegations "place petitioner's claim that he was denied an impartial jury in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" (Id.)

Petitioner agrees with respondent's argument that Claim I is unexhausted due to the additional materials presented in his federal habeas petition that were not in his state filings. (See Pet'r's Opp'n Mot. Dismiss at p. 2 ("Petitioner agrees that the instant Federal Habeas is unexhausted."); see also Pet'r's Mot. Stay at p. 11 ("Having read respondents' motion to dismiss and many of the cases cited in that motion, petitioner now agrees that instant petition for writ of habeas corpus does in fact contain 'material additional evidentiary support to the Federal court that was not presented in the state court' as well as 'new factual allegations which were not presented to the state court.').)  Nevertheless, petitioner argues that dismissal of his habeas petition is unwarranted because:  (1) his petition has Constitutional merit; (2) there is no evidence of intentional dilatory litigation tactics; and (3) there is good cause for his failure to

4

exhaust this claim in the state courts.  (See Pet'r's Opp'n Mot. Dismiss at p. 3.)  Thus, Petitioner asserts that a stay should be issued instead of dismissing his petition.

### III.  MOTION TO STAY

In Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal habeas petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.

"Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that in order to promote AEDPA's twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277.  The Ninth Circuit has explained that the Rhines good cause standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims.  See Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  However, the Ninth Circuit has also held that a petitioner's mere "impression" that his attorney had included a claim in an appellate brief did not constitute good cause for petitioner's failure to exhaust.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008).

Before reaching the merits of petitioner's stay motion, respondent asserts that a stay cannot be issued in this case because the entire petition is unexhausted.  However, the undersigned finds, as previously described, that the petition in this case is mixed as claim II is exhausted.  Accordingly, Rhines is applicable and Petitioner is entitled to a stay if he satisfies the Rhines standard.

Petitioner asserts that "he has shown good cause . . . due to his reasonable belief that [the] instant claim was [the] same claim already presented to the state courts by appellate counsel." (Pet'r's Mot. Stay at p. 10.)  In Wooten, 540 F.3d 1019, the Ninth Circuit examined

5

whether a Rhines stay and abey motion was properly denied.  In analyzing whether the petitioner had illustrated good cause, the Ninth Circuit noted that the petitioner explained his failure to exhaust by stating that he was under the impression that his counsel included all of the issues raised before the California Court of Appeal in his petition before the California Supreme Court. See id. at 1024.  In concluding that this argument did not constitute good cause, the Ninth Circuit stated that:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-abey orders routine.  Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay.  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances." [Rhines, 544 U.S.] at 277.
>
> Additionally, were we to endorse such a broad interpretation of "good cause" that allowed for routine stays of mixed petitions, we would also be undermining the goals of AEDPA.  In authorizing stays of habeas petitions only in "limited circumstances," Rhines explicitly acknowledges AEDPA's dual purposes:  to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court.  Id. at 276-77.  Stays, however, delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court.

Wooten, 540 F.3d at 1024 (footnote and citation omitted).  Similar reasoning warrants a finding that the petitioner in this case failed to show good cause.  Petitioner's "reasonable belief" that the instant claim was the same as that which was presented to the state courts is insufficient.  Accordingly, as petitioner has failed to show good cause, his motion to stay should be denied.

## IV.  REMEDY

Petitioner agrees with respondent that his petition is unexhausted, but petitioner fails to show that he is entitled to a stay under Rhines.  Thus, the motion to dismiss should be granted with leave to amend and the motion to stay should be denied.

/////

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss for failure to exhaust state court remedies (Dkt. No. 14.) be GRANTED with leave to amend. Petitioner should be given thirty days in which to file an amended petition containing only exhausted claims; and

2. The motion to stay (Dkt. No. 19.) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
coyl0016.157